UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FISHER,<br><br>           Petitioner,<br><br>   v.<br><br>J. BROWN,<br><br>           Respondent. | Case No. 14-cv-01174-WHO (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER OF DISMISSAL** |

      This federal habeas action was dismissed because petitioner Fisher failed to perfect his application to proceed *in forma pauperis* ("IFP") or pay the filing fee. Fisher has since filed a complete IFP application, which the Court construes as containing a motion to reopen. So construed, it is GRANTED. The action is REOPENED, and the Clerk is directed to amend the docket accordingly. The judgment (Docket No. 5) and the order of dismissal (Docket No. 4) are VACATED. The IFP application (Docket No. 6) is GRANTED.

      This action was filed as a petition for writ of habeas corpus, that is, as a challenge to the lawfulness or duration of Fisher's incarceration. A review of the petition, however, shows that Fisher sets forth claims regarding the conditions of his confinement at Pelican Bay and Sacramento State Prisons, rather than challenging the lawfulness or duration of his confinement. Therefore, if petitioner prevails here it will not affect necessarily the length of his incarceration. This means that his claims are not the proper

subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint.  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  Although the Court may construe a habeas petition as a civil rights action, it is not required to do so.  Since the time when the *Wilwording* case was decided there have been significant changes in the law.  For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account.  *See* 28 U.S.C. § 1915(b).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account.  Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the case is DISMISSED without prejudice to Fisher filing a civil rights action if he wishes to do so in light of the above.  The Clerk shall terminate Docket No. 6, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:**  April 29, 2014

WILLIAM H. ORRICK
United States District Judge

2